454

FOOD LION, INC., Plaintiff,

v.

CAPITAL CITIES/ABC, INC., ABC Holding Co., American Broadcasting Companies, Inc., Lynne Litt, Richard N. Kaplan, Ira Rosen and Susan Barnett, Defendants.

No. 6:92CV00592.

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

April 19, 1996.

W. Andrew Copenhaver, David Alan Shirlen, and Elizabeth McGee, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, John J. Walsh, Cadwalader, Wickersham & Taft, New York City, Richard L. Wyatt, Jr. and Clint Batterton, Akin, Gump, Strauss, Hauer & Feld, Washington, DC, for Plaintiff.

Harrell Hugh Stevens, Jr. and Katherine A. O'Connor, Everett, Gaskins, Hancock & Stevens, Raleigh, NC, Jerry S. Alvis, Young, Moore and Henderson, Raleigh, NC, Randall J. Turk, William H. Jeffress, Jr., Douglas Curtis, Michael J. Barta, and Paul F. Enzinna, Miller, Cassidy, Larroca & Lewin, Washington, DC, for Defendants.

ORDER

SHARP, United States Magistrate Judge.

This matter comes before the court on the "Plaintiff's Motion for Sanctions against Defendants and their Attorneys," filed September 15, 1995. In the motion, Food Lion challenges the completeness and accuracy of Defendants' Rule 34 production of videotapes taken by Defendants ("ABC") during their hidden-camera investigation of Food Lion in 1992. In order to develop a full record with

respect to the motion, the court by earlier order instructed the parties to perform a joint comparison of the originals of the hidden-camera videotapes with the copies produced by ABC in this action. (*See* Order of October 4, 1995.) That inspection has now been completed. The parties have fully briefed their positions on the sanctions motion, and the court heard the oral argument of counsel on March 28, 1996.

In the following paragraphs, the court will outline the unhappy sequence of events that has led the parties to this sad day, a day when it is clear that significant amounts of time and resources have been wasted in this litigation. In view of this wastage, the court has reviewed the complicated discovery record with great care to determine who is at fault. Based on such review, it is apparent to the court that ABC is at fault for causing this discovery dispute by making an inadequate response in discovery, and Food Lion is at fault for needlessly and improperly allowing the dispute to expand to the point that it has consumed months of time and, reportedly, hundreds of thousands of dollars. ABC was clearly at fault in the first instance for providing inadequate responses to Food Lion's Rule 34 requests for production of videotapes. An appropriate discovery sanction will be imposed upon ABC. Nonetheless, after ABC's default was obvious and was spread upon the record by ABC, Food Lion failed to take the actions required of it by the federal and local rules of procedure, and thus allowed this dispute to grow far out of proportion. Food Lion will be held to the consequences of this failure, and will not be reimbursed for the large expenses it incurred after such time as it should have conferred with ABC about this dispute and brought the matter before the court if not satisfied with ABC's response.

The events in question began with Food Lion's first request to ABC for production of documents, dated September 17, 1992. (Exhibit B to Plaintiff's Opposition to Defendants' Motion to Strike Portions of Plaintiff's Sur–Reply ["Exhibit B"], Exh. 1.) Food Lion asked for all documents, defined to include videotapes, obtained or prepared by any ABC employee during his or her "employment" with Food Lion. When ABC responded to this request, it said, in pertinent part, "the defendants will produce 'documents' ... [including] 'hidden camera' videotape footage that was taken by Ms. Litt in two Food Lion stores in North Carolina during the period May 4–14, 1992." (*Id.* Exh. 3.) Unbeknown to Food Lion, ABC redacted from the videotapes it produced all footage that was shot *outside* Food Lion stores by Litt and others. This redaction was made on the advice of house counsel and outside counsel for ABC.

Objectively read, ABC's response gave no hint or suggestion that redactions had been made to the produced videotapes. ABC produced less than what was requested, but failed to disclose that it was doing so. This conduct violates the Federal Rules of Civil Procedure. ABC's evasive and incomplete disclosure must, under the circumstances of this case, be treated as a failure to disclose and respond. (*See* Fed.R.Civ.P. 37[a][3].) Later actions by ABC, described below, convince the court that ABC's default was not an intentional effort to hide damaging information from discovery. Were the court's conclusion otherwise, the court would impose sanctions of a much higher order than those ordered herein. Nonetheless, ABC's default is inexcusable, and it caused serious problems in this case.

Shortly after the production by ABC, Food Lion hired an expert to review the videotapes. In early to mid–1993, the expert informed Food Lion's counsel that the tapes produced by ABC were "suspicious," "that there are logged events not on the tapes in our possession," and that "[s]ome missing logged elements may not be 'missing,' but simply 'shifted' in time code due to deletions of material." (App. A to Defendants' supplemental brief filed December 27, 1995.) The expert identified missing minutes or seconds from several tapes. In July 1993, he reported that "[t]he most obvious deletions are at the start of the tapes, which contain the hotel room camera test footage." (*Id.*)

In October 1993, Food Lion served a second request for production of documents. This time, Food Lion specifically requested production of all tapes, *whether or not creat-*

*ed on Food Lion's property.* ABC's response again failed to disclose the existence of the redacted footage of events outside Food Lion stores. Defendants wrote, rather opaquely, that they "have previously produced duplicates of all 'field tapes' created on Food Lion's property and will make the originals of those tapes available for inspection by Food Lion at ABC's facilities in New York." (Exhibit B, Exh. 19.)

During depositions in late 1993, ABC produced improved copies of a few of the tapes it had previously produced to Food Lion. Counsel for Food Lion noticed that the new tapes included some footage not included in the first production. On January 7, 1994, counsel for Food Lion inquired about this difference. (Exhibit B, Exh. 24.) In a letter responding to this inquiry, ABC's counsel wrote to Food Lion's counsel:

> The differences in content between the version of Tape 15 produced to you in 1992 and the version produced on December 13 is attributable to the fact that in responding to Food Lion's original discovery we took the position that only the videotape shot in Food Lion stores was relevant to the allegations of the original complaint. Accordingly, the person who copied the original 8 mm tapes onto Beta was instructed to omit any other footage that might appear on the tapes.

> As you know, we have taken a decidedly broader view with respect to the information that is relevant to Food Lion's Amended Complaint, and have responded to your second round of discovery by attempting to provide all information, not privileged, that relates to ABC News' investigation of Food Lion from its inception through May 15, 1992, when the undercover investigation ended. To that end we have produced a number of documents, including those enclosed with this letter, that were originally withheld or produced to you in a redacted form. We have also agreed, in response to Food Lion's Second Request for Production of Documents, to make the original 8 mm tapes available for your inspection at ABC's facilities. There-

fore, in producing the replacement tapes we copied them in their entirety.

(Exhibit B, Exh. 25.)

By this letter, ABC fully revealed its previously undisclosed redactions. ABC had redacted videotapes during its first production, on asserted grounds of relevance or privilege, without telling Food Lion that it had done so, but now, in January 1994, it explicitly told Food Lion of its actions.

For whatever reason (and many were suggested by Food Lion at oral argument), Food Lion did not, in January 1994, take the actions required of it by the local and federal rules. Food Lion should have immediately requested a conference of attorneys pursuant to Local Rule 204(c). It should have demanded what had already been offered—immediate inspection and the original 8 mm tapes—and it should have moved for discovery sanctions against ABC for its incomplete responses to discovery in 1992 and 1993. Instead, Food Lion became embroiled with ABC in issues regarding a protective order, allowed months to pass without action while dispositive motions were being reviewed by the court, and only in September 1995 filed its motion for sanctions. This was *twenty months* after Food Lion was told by ABC in plain and direct language of ABC's discovery default. In the interim, and through the time of oral argument on this matter, tremendous expenses were incurred by both parties and time was wasted in this litigation. Food Lion's delay was without any reasonable excuse or justification.

In its motion for sanctions, Food Lion expands its argument to encompass additional issues. It contends that the original tapes may have been altered by ABC in ways not even now determined. The court has carefully reviewed the reports of experts on this point, however, and concludes that Food Lion's "evidence" of tampering is not remotely persuasive. Food Lion also points to the fact that a comparison of the original tapes with the copies first given to Food Lion shows that even some *in-store* footage (video and/or sound) was deleted in the copying process carried out by ABC in 1992. The court has reviewed these deletions. They are not significant in content or extent, and

the explanations of inadvertent and minor error by ABC employees is clearly the most reasonable conclusion to be drawn from the experts' reports on this matter. Finally, Food Lion complains of the low quality of the first tape production, but the court, having reviewed the relevant tapes, finds nothing so extreme as to be sanctionable or to require a further production.

■■■ Food Lion has requested that as a sanction for ABC's discovery default Food Lion should be relieved of the January 1994 deadline for requesting leave to amend its complaint. Food Lion's contention is that it might have considered filing a libel action against ABC if it had gained possession of the unredacted tapes at the appropriate time early in this litigation. The court has carefully considered this request. Certainly, the court would not permit ABC's discovery default to shield ABC from claims that might have been made had it given a proper discovery response in the first instance. Nonetheless, the court finds Food Lion's request for such a sanction to be entirely without foundation. In open court during oral argument, the court saw and heard the video and audio out takes described by Food Lion in its brief as possible bases for bringing a libel claim. There simply is no relation whatsoever between the out takes and any possible libel action Food Lion may have contemplated over two years ago. A sanction must bear a reasonable relationship to the behavior being punished, and allowing Food Lion additional time to amend its complaint in this protracted litigation would be completely unrelated to ABC's default and would be unjustified.

■■■ Focusing on Food Lion's unpersuasive and exaggerated arguments has led the court away, however, from an important matter before it. ABC failed materially to comply with the letter and spirit of the federal rules. It gave only partial answers in its responses to Rule 34 requests. Viewed objectively, no litigant situated as was Food Lion would have known until January 1994 that the videotapes it held were redacted copies rather than full copies. The redaction

of videotapes in litigation is a critical matter, and ABC's action of redacting tapes without disclosing the fact of the redactions must be thoroughly condemned as a violation of the discovery rules. *Cf. Marketing Specialists, Inc. v. Bruni,* 129 F.R.D. 35, 54 (W.D.N.Y. 1989), *aff'd* 923 F.2d 843 (2nd Cir.1990) (counsel is "duty bound" to reveal existence of responsive documents and move for a protective order if production is resisted). ABC's actions in discovery are clearly sanctionable under Fed.R.Civ.P. 26(g)(2)(3) and 37(a). The court must therefore determine the appropriate sanction.

Food Lion has and will incur extra expenses because of ABC's violation of the discovery rules. Principally, Food Lion's increased expense takes the form of re-depositions it may wish to take of several ABC witnesses to ask them about material appearing on the video and audio out takes improperly withheld (or not disclosed) by ABC in its first production. As a sanction against ABC and its outside counsel appearing in this litigation, jointly, the court directs that (1) Food Lion may re-depose any ABC employee for a period of up to eight hours each; (2) the re-depositions shall not be limited in subject matter to the redacted out takes [1] but shall extend to any relevant and non-privileged matter; (3) the re-depositions may cumulatively extend to a period of forty hours; (4) from the jointly liable parties, Food Lion is awarded the costs of its counsel (two attorneys who have customarily appeared) at the re-depositions, plus the travel and lodging costs of its counsel. This sanction is not currently calculable but may easily range to $20,000 or more. The court will resolve any dispute regarding actual calculation in the unlikely event that becomes necessary. Further, as a sanction for ABC's improper handling of the videotapes, the court directs that any claim by ABC of privilege or confidentiality, vis-à-vis Food Lion, as to the full tapes now disclosed is forfeited and declared null and void. (The court also finds that any claim of privilege was waived in the first

---

1. The matter of what questions may be related to the redacted out takes and what questions are not so related would be difficult to determine.

ABC's default has caused this situation, and it must bear the burden of the repeat depositions.

**458**

production that was made without reservation of privilege.)

◼ The court does not award to Food Lion any expert fee or the costs of bringing this motion. Food Lion's own extended delay in bringing a sanctions motion was largely responsible for the costs it has or will incur beyond those being compensated by the sanction entered above. Most of Food Lion's claims of damage and of intentional bad faith by ABC have been found, as set out above, to be unfounded.

ABC and its counsel violated the duty of full disclosure created by the federal discovery rules. The court's review of the materials not initially disclosed reveals, however, that ABC's failure was not a tactical attempt to hide or cover up damaging information. Nonetheless, the court will not countenance such inadequate disclosure, and thus sanctions ABC substantially and appropriately. At the same time, Food Lion's attempt to turn the specific discovery failure of ABC into a general warrant to start this litigation over must be rejected. As the court said at the outset of this order, this is a sad day. There are no real winners in this matter, and the litigation process itself, designed to be efficient and self-regulating, is the loser.

Within twenty (20) days, the parties shall confer regarding the completion of discovery in this case. The court considers that discovery, including that ordered above, can now be completed within a short period of time. Within thirty (30) days, the parties shall file a joint report or separate reports concerning the conclusion of discovery.

**IT IS SO ORDERED.**